**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**THADDEUS JACKSON,**
    Petitioner,

v.                                                                      Case No.  4:08cv404/MP/MD

**WALTER A. MCNEIL,**
    Respondent.
_____

**REPORT AND RECOMMENDATION**

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  (Doc. 1).  Respondent has filed a motion to dismiss the petition as time barred, providing relevant portions of the state court record.  (Doc. 11).  Petitioner has responded. (Doc. 25).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration, it is the opinion of the undersigned that although the court disagrees with some of respondent's calculations, the pleadings and attachments before the court show that the petition is untimely and should be dismissed.

**BACKGROUND AND PROCEDURAL HISTORY**

On April 22, 2003, petitioner entered a counseled no contest plea to one count of Attempted First Degree Murder in the Circuit Court of Gadsden County, Florida, case number 02-264.  (Doc. 11, Ex. C ).[1]  That same day, the court adjudicated him

---

[1] Hereafter, all references to appendices and exhibits will be to those provided at Doc. 11, unless otherwise noted.

guilty and sentenced him to 24 years imprisonment followed by 5 years probation. (Exs. D, E). The judgment and sentence was filed on June 3, 2003. (Ex. E).[2] Petitioner did not appeal from the judgment. (Doc. 1, p. 2).

On September 3, 2003, petitioner filed a motion for postconviction relief pursuant Florida Rule of Criminal Procedure 3.850. (Ex. F, p. 1). On January 16, 2004, petitioner filed a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). (Ex. G, p. 1). On August 18, 2004, petitioner filed a notice of voluntary dismissal, stating: "I am voluntarally [sic] dismissing my 3.800/3.850 motion I filed to the court on or around [date left blank] so I may file another on time. See attachment to withdraw." (Ex. G, p. 4). In an order filed on August 25, 2004, the trial court construed petitioner's notice as a motion to voluntarily dismiss his pending postconviction motions, and dismissed them. (Ex. H). Petitioner did not appeal the dismissal order.

On November 17, 2004, petitioner filed a second Rule 3.850 motion. (Ex. I, p. 1). The motion was summarily denied on the merits in an order dated November 3, 2005. (Ex. J). The order was filed with the clerk of the state court on November 7, 2005. (Ex. J, p. 1; Ex. A, p. 5). Petitioner did not appeal the denial order.

On July 26, 2005, petitioner filed a petition for writ of habeas corpus in the Florida First District Court of Appeal ("First DCA"). (Ex. K, p. 1). The court

---

[2]The record reflects that petitioner was adjudicated guilty and sentenced in open court on April 22, 2003 (Ex. A). The trial judge signed a written document titled "Judgment and Sentence" on that date. (Ex. D). However, there is no indication the document was filed for recording. The document was not stamped "Filed," (Ex. D), nor does the docket sheet reflect the filing of an order or judgment on that date. (Ex. A). It merely reflects that a court proceeding was held and provides a description of the proceeding. (*Id.*). The first indication of the filing of a judgment and sentence is June 3, 2003. The record contains a document entitled "Judgement [sic], Sentence, and Order Placing Defendant In Community Control/Probation During Portion of Sentence." (Ex. E). The document was stamped "Filed" on June 3, 2003. (Ex. E). The docket sheet reflects the filing of a judgment and sentence on that date. (Ex. A). Given this ambiguity (and because the issue is not dispositive), the court will give petitioner the benefit of the doubt and assume, without deciding, that the judgment and sentence was rendered on June 3, 2003.

construed the petition as one seeking belated direct appeal and, on September 19, 2005, denied the petition as untimely. (Ex. L).

On February 27, 2006, petitioner filed another petition for writ of habeas corpus in the First DCA. (Ex. M, p. 1). The court treated the petition as one seeking belated appeal of the trial court's November 3, 2005 order denying postconviction relief. On July 20, 2006, the state court granted the petition for belated appeal, stating that "[u]pon issuance of mandate, a copy of this opinion shall be provided to the clerk of the circuit court for treatment as a notice of appeal." (Ex. N). The mandate issued on August 7, 2006. (*Id.*). On December 12, 2007, the First DCA affirmed the order denying postconviction relief. (Ex. O). The mandate issued February 19, 2008. (Ex. P).

Petitioner initiated this federal habeas proceeding on September 4, 2008. (Doc. 1, p. 1).

## DISCUSSION

**Calculation of Limitations Period**

Because petitioner filed this § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA governs the present petition. *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Pursuant to 28 U.S.C. § 2244, a one-year period of limitation applies to the filing of a federal habeas corpus petition by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

**(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or**

**(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.**

**§ 2244(d)(1). According to the tolling provision of § 2244(d), the time during which a "properly filed" application for state postconviction or other collateral review is pending shall not be counted toward any period of limitation.  28 U.S.C. § 2244(d)(2).**

**In the instant case, petitioner has not asserted that a government-created impediment to his filing existed, that he bases his claims on a right newly recognized by the United States Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence before his conviction became final.  Thus, the statute of limitations must be measured from the remaining trigger, which is the date on which his conviction became final.  See 28 U.S.C. § 2244(d)(1).**

**Because petitioner did not appeal his judgment of conviction, it became final for purposes of § 2244(d)(1) on July 3, 2003, which is thirty days after entry of the June 3, 2003  judgment.  See  FLA. R. APP. P. 9.110(b),** *amended by* **Fla. Ct. Order 02 (2009);** *Walk v. State***, 707 So.2d 933 (Fla. Dist. Ct. App. 1998) (holding that if "a conviction and sentence are not appealed, they become final 30 days after they are entered.");** *Gust v. State***, 535 So.2d 642 (Fla. Dist. Ct. App. 1988) (holding that if defendant does not appeal the conviction or sentence, judgment of conviction and sentence become final when the 30-day period for filing appeal expires).  Thus, the federal habeas statute of limitations began to run on that date.**

**The limitations period ran for 61 days until September 3, 2003, when petitioner filed his first Rule 3.850 motion in state court.  That motion was pending (and tolled the limitations period) from September 3, 2003 (the date is was filed) until September 24, 2004 (the date the time expired for appealing the August 25, 2004 dismissal order).  See FLA. R. APP. P. 9.110(b);** *cf. Cramer v. Secretary, Dep't of Corrections***, 461 F.3d 1380, 1383 (11th Cir. 2006) (holding that a postconviction application remains**

"pending" until the time to seek appellate review expires if a petitioner does not file a notice of appeal).[3]

The limitations clock began to run once more on September 24, 2004 and ran for 53 days until November 17, 2004, when petitioner filed his second Rule 3.850 motion. That motion was pending (and tolled the limitations period) from November 17, 2004 (the date it was filed) until December 7, 2005 (the date the time expired for appealing the denial order).[4]

During the pendency of petitioner's second Rule 3.850 proceeding, petitioner filed his first state habeas petition (construed as a petition for belated direct appeal) on July 26, 2005. This petition did not toll the limitations period because it was

---

[3]Respondent's calculation of statutory tolling does not allow petitioner the benefit of the 30-day period for appealing the order of dismissal. While it may seem illogical that a party would appeal a dismissal he himself requested, respondent has not cited legal authority for the proposition that a Florida defendant may not seek review of such an order, and this court has found none. Because the issue is not dispositive, the court will give petitioner the benefit of every doubt and assume (without deciding) that petitioner's first Rule 3.850 motion was "pending" until the time to seek appellate review of the dismissal order expired.

[4]Respondent asserts petitioner's second Rule 3.850 motion was "pending" for the 81 days between December 7, 2005 (the date the 30-day deadline to appeal the November 7, 2005 order expired) and February 27, 2006 (the date petitioner filed his petition for belated appeal of that order). That is incorrect. The United States Supreme Court has clarified that "[t]he time that an application for state postconviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law." *Evans v. Chavis*, 546 U.S. 189, 191, 126 S.Ct. 846, 849, 163 L.Ed.2d 684 (2006) (citing *Carey v. Saffold*, 536 U.S. 214, 219-20, 122 S.Ct. 2134, 2138, 153 L.Ed.2d 260 (2002)). The petitioner in this case did not file a timely notice of appeal. Moreover, the Eleventh Circuit has held that if a petitioner does <u>not</u> file a timely notice of appeal, a postconviction application remains pending until the time to seek appellate review expires. *Cramer v. Secretary, Dep't of Corrections*, 461 F.3d 1380, 1383 (11th Cir. 2006).

Although petitioner's second Rule 3.850 proceeding was pending until the 30-day period to file a timely notice of appeal expired on December 7, 2005, petitioner did not have anything filed in state court for the next 81 days until he filed his petition for belated appeal on February 27, 2006. Regardless of the state court's later action granting a belated appeal and directing that, upon issuance of the mandate its opinion be filed as a notice of appeal, there had been nothing filed during the relevant 81-day period. Thus, there was nothing "pending" for those 81 days under § 2244(d)(2). *See, e.g., McMillan v. Secretary for Dep't. of Corrections*, 257 Fed.Appx. 249, 252 (11th Cir. Dec. 6, 2007) (per curiam) (unpublished opinion) (holding that habeas petitioner was not entitled to statutory tolling for the 95-day period between the date the Florida trial court's denial of his Rule 3.850 motion became final and the date petitioner filed a petition for a belated appeal of that 3.850 denial, even though the Florida appellate court ultimately granted the petition for belated appeal).

The court has the discretion to correct the State's erroneous concession concerning these 81 days. *See Day v. McDonough*, 547 U.S. 198, 202, 126 S.Ct. 1675, 1679-80, 164 L.Ed.2d 376 (2006).

untimely and therefore not "properly filed." *Pace v. DiGuglielmo,* 544 U.S. 408, 414, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005) (holding that a state postconviction petition rejected by the state court as untimely is not "properly filed' within the meaning of 28 U.S.C. § 2244(d)(2)); *see also Allen v. Siebert,* 552 U.S. 3, 128 S.Ct. 2, 4, 169 L.Ed.2d 329 (2007) (per curium) (reiterating that "When a postconviction petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2).") (internal quotations and citations omitted). Even if it had been "properly filed," the time period in which it was pending (July 26, 2005-September 19, 2005) is subsumed within the time petitioner's second Rule 3.850 proceeding was pending, so would not have affected the limitations period calculation.

The limitations clock began to run once more on December 7, 2005, and ran for 81 days until petitioner filed his second state habeas petition (construed as a petition for belated appeal) on February 27, 2006. That petition was pending (and tolled the limitations period) from February 27, 2006 (the date it was filed) until February 19, 2008 (the date the First DCA issued the mandate on petitioner's belated appeal). By this time, 195 days of the one-year limitations period had run.

The limitations clock began to run once more on February 19, 2008, and expired 170 days later on August 7, 2008. As the habeas petition in this case was not filed until September 4, 2008, it is untimely.

<u>Equitable Tolling</u>

In response to respondent's request for dismissal, petitioner argues that he is entitled to equitable tolling (for an unspecified period of time) because the state trial court erroneously construed his notice of dismissal filed on August 18, 2004 as requesting dismissal of <u>both</u> postconviction motions when he only wished to dismiss the Rule 3.850 motion. (Doc. 25, p. 2).[5] He argues that "[d]ue to this error, the principle of excusable neglect may be used by Petitioner, and the aspect of equitable tolling would serve to show that this Petition must be decided on its merits." (*Id.*). The Supreme Court of the United States has not squarely addressed

---

[5]Petitioner states, "although it may appear that [petitioner] wished to dismiss *both* motions, however, it is clear from the language used that Petitioner only wished to dismiss *one* motion, specifically the Rule 3.850 motion." (Doc. 25, p. 2).

the question whether equitable tolling applies to AEDPA's statute of limitations.  *See Pace v. DiGuglielmo*, 544 U.S. at 418 n. 8, 125 S.Ct. at 1814 n. 8.  The Eleventh Circuit has allowed equitable tolling to mitigate application of § 2244(d)'s statutory deadline under very limited circumstances:

> Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when "extraordinary circumstances" have worked to prevent an otherwise diligent petitioner from timely filing his petition.  Equitable tolling is an extraordinary remedy that is typically applied sparingly; however, it is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control *and* unavoidable even with diligence.  The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner.

*Wade v. Battle*, 379 F.3d 1254, 1264-65 (11th Cir. 2004) (internal quotations and citations omitted; emphasis in original).

Even assuming to petitioner's benefit that the trial court erred in construing his notice as requesting dismissal of both collateral relief motions instead of only one, this circumstance does not warrant equitable tolling.  An allegation of trial court error in ruling on a collateral relief motion is not an extraordinary circumstance.  Further, even if the trial court erroneously construed the notice of dismissal, petitioner failed to exercise any diligence in correcting the alleged error.  The record reveals that he made no attempt to bring the error to the court's attention, nor did he appeal from the order of dismissal.  (*See* Ex. A).  Finally, petitioner fails to explain how these events prevented him from timely filing his federal habeas petition.

## CONCLUSION

The instant petition for writ of habeas corpus is untimely.  Petitioner has not established entitlement to equitable tolling or any other exception to the limitations period.

Accordingly, it is respectfully RECOMMENDED:

1. That respondent's motion to dismiss (doc. 11) be GRANTED

*Case No: 4:08cv404/MP/MD*

    2.   That the petition for writ of habeas corpus (doc. 1) challenging the conviction and sentence in *State of Florida v. Thaddeus Jackson*, in the Circuit Court of Gadsden County, Florida, case number 02-264, be DISMISSED WITH PREJUDICE.

    3.  That the clerk be directed to close the file.

At Pensacola, Florida this 29th day of June, 2009.

/s/ *Miles Davis*
             **MILES DAVIS**
             **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636;** *United States v. Roberts*, **858 F.2d 698, 701 (11th Cir. 1988).**