IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

THADDEUS JACKSON,

    Petitioner,

v.                                           CASE NO. 4:08-cv-00404-MP-MD

WALTER A MCNEIL,

    Respondent.

_____/

## **O R D E R**

This matter is before the Court on Doc. 26, Report and Recommendation of the Magistrate Judge, recommending that the habeas petition in this case be dismissed as untimely. The Petitioner has filed objections, Doc. 27, which the Court has reviewed. After conducting a de novo review as required by law, the Court adopts the Report and Recommendation.

The petitioner's instant habeas petition was untimely filed if the limitations period is not tolled for the time period from September 24, 2004, to November 17, 2004. During that time period, Petitioner had no state collateral attack pending, because the state court had determined that Petitioner had filed a document voluntarily dismissing both of his then pending motions. The petitioner now argues that he intended only to dismiss one of his motions, and that he should therefore be allowed to equitably toll the limitations period during this time period. The Court agrees with the Magistrate Judge that equitable tolling is not appropriate in this case.

On September 3, 2003, petitioner filed a motion for post conviction relief pursuant Florida Rule of Criminal Procedure 3.850. (Ex. F, p. 1). On January 16, 2004, petitioner filed another motion, this time to correct illegal sentence pursuant to Florida Rule of Criminal

Procedure 3.800(a). (Ex. G, p. 1). On August 18, 2004, petitioner filed a notice of voluntary dismissal, stating: "I am voluntarally [sic] dismissing my 3.800/3.850 motion I filed to the court on or around [date left blank] so I may file another on time. See attachment to withdraw." (Ex. G, p. 4). In an order filed on August 25, 2004, the trial court construed petitioner's notice as a motion to voluntarily dismiss his pending post conviction motions, and dismissed them. (Ex. H). Petitioner did not appeal the dismissal order and nothing in the record or Petitioner's objections (Doc. 27) indicates Petitioner took any action based on an assumption on his part that either motion was still pending. Accordingly, the Court agrees with the Magistrate Judge that Petitioner has not exercised due diligence in alerting the state court that it had dismissed an action he intended to keep pending. Thus, the limitations period is not tolled during this time period, and the instant habeas petition is untimely. It is hereby

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge is adopted and incorporated herein.

2. The motion to dismiss the habeas petition (Doc. 11) is granted, the petition for writ of habeas corpus (Doc. 1) is dismissed with prejudice.

3. The clerk is directed to close the file.

**DONE AND ORDERED** this  *22nd*  day of September, 2009

        *s/Maurice M. Paul*
        Maurice M. Paul, Senior District Judge